## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CORINNE MARY RIGONI,                          Case No.

 Plaintiff,                                    Hon.

v.

ERRON MORTON in his individual and
official capacities,

    Defendant.

_____

Charlotte Croson
Joseph X. Michaels (P79084)
Croson, Taub, & Michaels PLLC
*Attorneys for Plaintiff*
455 E. Eisenhower Pkwy, Ste. 75
Ann Arbor, MI 48108
(734) 519-0872
ccroson@ctmlawyers.com
jmichaels@ctmlawyers.com

_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, CORINNE MARY RIGONI, by and through her attorneys, CROSON, TAUB, & MICHAELS PLLC hereby alleges and states as follows:

## INTRODUCTION

This case involves egregious civil rights violations stemming from Defendant's denial of due process to Plaintiff by making false representations in obtaining an arrest warrant and consequent arrest and prosecution of Plaintiff without probable cause. Thus, Plaintiff seeks all appropriate relief resulting from the

constitutional violations inflicted on her by the Defendant while acting under color of state law pursuant to 42 U.S.C. § 1983, as well as wanton and reckless conduct under Michigan state law.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

1.    Plaintiff CORINNE MARY RIGONI is U.S. and Michigan citizen who, at all relevant times, resided in Parma, Michigan within Jackson County, Michigan and within the Eastern District of Michigan.

2.    Defendant ERRON MORTON is a Michigan State Police Trooper who, upon information and belief, resides in Jackson County.

3.    Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and § 1343(a)(4) as the claims asserted allege violations of federal constitutional law.

4.    Supplemental jurisdiction over state-law claims is proper pursuant to 28 U.S.C. § 1367 as they arise from the same case or controversy.

5.    Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(D) because the events took place within Jackson County, Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan.

6.    MORTION'S acts were undertaken intentionally, willfully, wantonly, maliciously, and with callous and reckless disregard for RIGONI'S rights, health

and well-being, entitling her to punitive damages under federal law and exemplary damages under state law.

7.    At all relevant times, MORTON was acting within the course and scope of his employment as a Trooper with the Michigan State Police under color of state law and the statutes, ordinances, regulations, policies, customs and usages of the State of Michigan, and/or Jackson County, and/or the Michigan State Police. He is sued here in his official and individual capacities.

8.    MORTON is not entitled to qualified immunity as no reasonable government official would have undertaken the actions described herein.

### STATEMENT OF FACTS

9.    In or about November 2018, RIGONI left her car with a local body shop located in Jackson County, Michigan, Mackey's Body Shop, to have repairs made. The repairs were not timely completed.

10.    In or about January 2019, RIGONI paid Mackey's Body Shop with a personal check drawn on her personal bank account at TD Ameritrade. At the time RIGONI wrote the check, and at all relevant times thereafter, her personal bank account at TD Ameritrade was open, active, and contained sufficient funds or credit for payment of the check. At the time RIGONI wrote the check, and at all relevant times thereafter, she had no intent to defraud or cheat Mackey's Body Shop.

11.     After picking up her automobile, RIGONI discovered that the repairs to her automobile had not been fully completed. When Mackey's Body Shop refused to fix the issues, RIGONI lawfully stopped payment on the check to Mackey's Body due to the lack of repair and bad and untimely customer service.

12.     In or about February 2019, Mackey's Body Shop contacted the Michigan State Police alleging that RIGONI'S check had been issued on a closed account. MORTON took the police report.

13.     In or about August 2019, MORTON interviewed RIGONI about the allegations.

14.     RIGONI informed MORTON that she had been a customer of TD Ameritrade for approximately ten years, and that she had paid Mackey's Body Shop with the check drawn on her open and active account at TD Ameritrade.

15.     RIGONI informed MORTON that her TD Ameritrade account was currently open and had been open throughout the events in question. Further, she informed him truthfully that she had lawufully stopped payment on the check to Mackey's Body Shop because they had not delivered promised services.

16.     RIGONI also signed a release for MORTON to access her account status with TD Ameritrade and provided MORTON with her account number and the address and telephone number for TD Ameritrade.

4

17.   RIGONI also provided MORTON with documentary evidence that her TD Ameritrade account was open and had been open at all relevant times, that there was current account activity on her account, and that she had stopped the check in question and had been charged by TD Ameritrade for a stopped check.

18.   In his police report, MORTON alleged that RIGONI had told MORTON and/or Mackey's Body Shop that she had formerly been a Michigan State Police Trooper. RIGONI had not done so.

19.   Thereafter, MORTON contacted the Jackson County Prosecutor's office seeking issuance of a warrant for RIGONI'S arrest. MORTON failed and refused to inform the Jackson County Prosecutor of the exculpatory evidence provided by RIGONI which showed that, at all relevant times, her TD Ameritrade account was open and that she had stopped payment on her check for valid reasons. Upon information and belief, MORTON intentionally and/or recklessly represented that RIGONI had issued her check to Mackey's Body Shop on a closed bank account.

20.   Because of MORTON'S failure and refusal to provide exculpatory evidence, RIGONI was charged by the Jackson County Prosecutor with a felony – "check-no account", upon information and belief a violation of M.C.L. § 750.313 and/or M.C.L. § 750.131a, and a warrant was issued for her arrest.

21.   On June 23, 2020, MORTON arrested RIGONI at her home at 2:30 in the morning, handcuffed her and transported her to the Jackson County jail where

he searched RIGONI and where she was held in a cell with 6-7 other arrestees, with no COVID precautions, until her video arraignment nearly twelve hours later.

22.     At the time of her arrest, RIGONI was 65 years old and deemed in the high risk category for COVID-19, and as such, was staying home on the advice of the Centers for Disease Control.

23.     Thereafter, RIGONI was arraigned on the felony charge and released.

24.     Six months later, MORTON finally attempted to obtain a search warrant for TD Ameritrade regarding RIGONI'S account. Thereafter, MORTON allowed the matter to languish, failing to follow up on authorization of the search warrant or service of the search warrant on TD Ameritrade for over a year.

25.     In or about February 2022, MORTON and/or another Michigan State Police Trooper finally obtained authorization for the TD Ameritrade warrant and served it on TD Ameritrade.

26.     TD Ameritrade complied with the search warrant on or about February 24, 2022, and confirmed that RIGONI had a legal active account with TD Ameritrade and placed a stop payment on the check in question.

27.     RIGONI had provided the same information to MORTON in or about August 2019, before MORTON sought an arrest warrant and felony charges.

28.     MORTON finally provided the exculpatory evidence to the Jackson Count Prosecutor in or about February 2022.

29.    On or about May 3, 2022, the Jackson County Prosecutor's Office denied and/or dismissed the felony charge against RIGONI based on the exculpatory information that had been withheld and only belatedly provided by MORTON as there was no probable cause to charge RIGONI with a crime.

30.    But for MORTON deliberately, intentionally, willfully, wantonly, maliciously, and with callous and reckless disregard for RIGONI'S rights withholding exculpatory evidence, RIGONI would not have been charged with, and prosecuted for, a felony.

31.    But for MORTON deliberately, intentionally, willfully, wantonly, maliciously, and with callous and reckless disregard for RIGONI'S rights withholding of exculpatory evidence, a warrant for RIGONI'S arrest would not have issued.

32.    But for MORTON deliberately, intentionally, willfully, wantonly, maliciously, and with callous and reckless disregard for RIGONI'S rights withholding of exculpatory evidence, RIGONI would not have been arrested on or about June 23, 2023.

33.    RIGONI was arrested and prosecuted without probable cause.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983
### DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS

34.     RIGONI incorporates the foregoing allegations as if fully restated.

35.     Plaintiff has a well-established constitutionally protected liberty interest.

36.     Plaintiff has a well-established constitutionally protected due process right that favorable material and/or exculpatory evidence in the possession of a police officer will be disclosed to the prosecutor.

37.     MORTON was in the possession of favorable material and/or exculpatory evidence given to him by RIGONI which he had a constitutional duty to disclose to the prosecutor.

38.     MORTON intentionally, deliberately, and/or recklessly failed to disclose exculpatory and/or favorable evidence in his possession to the prosecutor.

39.     Because MORTON filed to disclose exculpatory and/or favorable evidence to the prosecutor, RIGONI was arrested and deprived of her liberty in violation of her due process rights.

40.     As a result of Defendant's wrongful actions, RIGONI suffered past, present, and future economic and non-economic damages, including but not limited to:

a.  Physical injuries, pain and suffering;

b.  Legal expenses;

c.  Lost income, fringe benefits, and earning capacity;

8

    d. Mortification, shock, fright, embarrassment, humiliation, emotional distress, mental anguish, outrage, shame, anxiety, feelings of helplessness, despair, depression, loss of dignity and self-esteem, loss of enjoyment of life, and reputation damage; and

    e. Loss of liberty; and denial of constitutional rights.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and 42 U.S.C. §1988.

## COUNT II
## 42 U.S.C. § 1983
## <u>DEPRIVATION OF DUE PROCESS</u>

41.    RIGONI incorporates the foregoing allegations as if fully restated.

42.    Plaintiff has a well-established constitutionally protected due process right that favorable material and/or exculpatory evidence in the possession of a police officer will be disclosed to the prosecutor.

43.    MORTON was in the possession of favorable material and/or exculpatory evidence given to him by RIGONI which he had a constitutional duty to disclose to the prosecutor.

44.    MORTON intentionally, deliberately, and/or recklessly failed to disclose exculpatory and/or favorable evidence in his possession to the prosecutor.

45.     Because MORTON filed to disclose exculpatory and/or favorable evidence to the prosecutor, RIGONI was deprived of her constitutionally protected due process rights.

46.     As a result of Defendant's wrongful actions, RIGONI suffered past, present, and future economic and non-economic damages, including but not limited to:

a.  Physical injuries, pain and suffering;

b.  Legal expenses;

c.  Lost income, fringe benefits, and earning capacity;

d.  Mortification, shock, fright, embarrassment, humiliation, emotional distress, mental anguish, outrage, shame, anxiety, feelings of helplessness, despair, depression, loss of dignity and self-esteem, loss of enjoyment of life, and reputation damage; and

e.  Loss of liberty; and denial of constitutional rights.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and 42 U.S.C. §1988.

**COUNT III**
**42 U.S.C. § 1983**
**UNREASONABLE SEARCH AND SEIZURE**

47.     RIGONI incorporates the foregoing allegations as if fully restated. RIGONI was arrested and charged with a felony check-no account, upon information and belief, violation of M.C.L. § 751.131 and/or M.C.L. § 751.131a.

48.     RIGONI faced the possibility of, *inter alia*, up to two years in prison.

49.     There was no probable cause to believe that RIGONI had committed a crime.

50.     RIGONI at all times had an open bank account at TD Ameritrade and had lawfully stopped payment on a valid check.

51.     RIGONI had provided MORTON exculpatory evidence establishing that she had not committed a crime, that she, at all relevant times, had an open bank account at TD Ameritrade, and had lawfully stopped payment on a valid check.

52.     MORTON acted outside his authority but under color of law.

53.     MORTON'S arrest of RIGONI was unlawful.

54.     MORTON lacked probable cause to arrest RIGONI for any crime.

55.     RIGONI had the Constitutional right to the possession and control of her own person, free from all restraint and interference of others.

11

56.     The actions of MORTON in detaining and searching her person without probable cause were all violations of RIGONI'S Fourth Amendment safeguards against unreasonable searches and seizures, made actionable by 42 U.S.C. § 1983.

57.     Individually and in concert, and acting under color of law but contrary to law without probable cause, MORTON unlawfully, maliciously, recklessly, and indifferently deprived RIGONI of her rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 U.S.C. §1983, including her right to be free from an unreasonable search and seizure of her person and property, as guaranteed by Amendments IV and XIV of the United States Constitution.

58.     As detailed above, MORTON intentionally and/or recklessly made material misrepresentations and omissions of material facts to justify an illegal search, seizure, and arrest, where no probable cause existed.

59.     As a direct and proximate result of MORTON'S illegal search, seizure, arrest, jailing, and prosecution of RIGONI, and of the other tortious acts alleged below, RIGONI suffered past, present, and future economic and non-economic damages, including but not limited to:

     a.  Physical injuries, pain and suffering;

     b.  Legal expenses;

     c.  Lost income, fringe benefits, and earning capacity;

     d.  Mortification, shock, fright, embarrassment, humiliation, emotional distress, mental anguish, outrage, shame, anxiety, feelings of

helplessness, despair, depression, loss of dignity and self-esteem, loss of enjoyment of life, and reputation damage; and

e.  Loss of liberty; and denial of constitutional rights.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and 42 U.S.C. §1988.

## COUNT IV
### 42 U.S.C. § 1983
### ARREST WITHOUT PROBABLE CAUSE

60.  RIGONI incorporates the foregoing allegations as if fully restated.

61.  MORTON, acting without probable cause, under color of law but contrary to law, unlawfully, maliciously, recklessly, and indifferently deprived RIGONI of her rights, privileges, or immunities secured under the Constitution and laws of the United States and 42 USC §1983, including her right to be free from being arrested without probable cause, as guaranteed by Amendments IV and XIV of the United States Constitution.

62.  RIGONI'S arrest was illegal and unjustified because it was not based upon probable cause.

63.  Specifically, as RIGONI had demonstrated to MORTON in August 2019 through documentary evidence and other means, at all relevant times her TD

13

Ameritrade account was open, she had lawfully written a check on that open account, and she had lawfully stopped payment on the check written on her open TD Ameritade account.

64.    MORTON lacked evidence linking RIGONI to the commission of a crime and withheld exculpatory evidence from the Jackson County Prosecutor's Office to give the false impression that there was probable cause to issue an arrest warrant for RIGONI.

65.    MORTON illegally seized, detained, arrested, imprisoned and held RIGONI in custody overnight in jail, without probable cause, and with knowledge of and/or reckless disregard for such lack of probable cause.

66.    MORTON'S unlawful arrest and confinement of RIGONI was intentional and/or reckless, performed with physical force, against her will, and deprived her of her personal freedom and liberty.

67.    As a direct and proximate result of Defendant's wrongful actions and violations of her constitutional rights, RIGONI has suffered the damages set forth above.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess

of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and statute.

## COUNT V
## 42 U.S.C. § 1983
## PROSECUTION WITHOUT PROBABLE CAUSE

68.     RIGONI incorporates the foregoing allegations as if fully restated.

69.     MORTON, acting under color of law but contrary to law, without probable cause, unlawfully, maliciously, recklessly and indifferently deprived RIGONI of her Constitutional right to be free from criminal prosecution without probable cause, as guaranteed by Amendments IV and XIV of the United States Constitution.

70.     MORTON influenced and participated in the institution and continuation of an unlawful criminal prosecution against RIGONI without probable cause to believe that RIGONI had committed a crime.

71.     RIGONI suffered deprivation of her freedom and liberty following the arrest, and as a result of suffering bond conditions imposed by the State Court for her release from jail, and as a result of being forced to repeatedly appear in Court.

72.     As a direct and proximate result of Defendant's wrongful actions and violations of her constitutional rights, RIGONI has suffered the damages set forth above.

15

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and statute.

**COUNT VI**
**PENDENT CLAIM**
**FALSE ARREST AND FALSE IMPRISONMENT**

73. RIGONI incorporates the foregoing allegations as if fully restated.

74. As more fully stated above, MORTON unlawfully restrained, arrested and deprived Plaintiff of her liberty and freedom of movement and otherwise falsely imprisoned her in jail overnight and for approximately 12 hours, without probable cause, in violation of the common law of the State of Michigan.

75. MORTON is liable for the preventable harms caused by RIGONI'S false imprisonment because he had reason to know that RIGONI had been unjustifiably arrested without probable cause and thereby MORTON committed a constitutional violation.

76. As a direct and proximate result of RIGONI' false imprisonment, she suffered the damages stated above.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount

in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law and statute.

### COUNT VII
### PENDENT CLAIM
### <u>MALICIOUS PROSECUTION</u>

77.     RIGONI incorporates the foregoing allegations as if fully restated.

78.     As more fully stated above, MORTON knowingly and/or recklessly influenced and participated in the institution and continuation of the criminal prosecution against RIGONI without probable cause.

79.     MORTON acted with malice and deliberate disregard for RIGONI' legal rights, and with an improper purpose other than securing a proper adjudication of their false and unlawful claims against her.

80.     Upon information and belief, MORTON participated in RIGONI'S unlawful prosecution and retaliated against her in order to punish her for allegedly stating to MORTON and/or Mackey's Body Shop that she had formerly been a Michigan State Police Trooper.

81.     Since the criminal proceeding against RIGONI ended in a dismissal of all charges due to lack of evidence and probable cause, Defendant's wrongful actions constitute malicious prosecution in violation of MCL § 600.2907 and the common law of the State of Michigan.

82.     As a direct and proximate result of RIGONI'S prosecution, she suffered the damages stated above.

WHEREFORE, Plaintiff seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees as allowed by law, and 42 USC §1988.

**COUNT VII**
**PENDENT CLAIM**
**<u>INFLICTION OF EMOTIONAL DISTRESS</u>**

83.     RIGONI incorporates the foregoing allegations as if fully restated.

84.     MORTON'S outrageous and reckless acts and omissions were willful and wanton, and were intended to, and in fact did, inflict severe and pervasive emotional distress upon RIGONI.

85.     The physical mistreatment, unlawful arrest in the middle of the night, refusal to allow RIGONI to report to the MSP post, incarceration, and other mistreatment of RIGONI by the Defendant constitutes intentional infliction of emotional distress under Michigan law.

86.     MORTON'S actions, while clothed in police garb and openly carrying handcuffs and deadly weapons, were extreme and outrageous, reckless, unnecessary

18

and excessive, willful and wanton, all of which was designed to produce, and did produce, severe and pervasive emotional distress.

87.     MORTON had the duty of care to not intentionally or recklessly inflict emotional distress upon RIGONI.

88.     MORTON directly and vicariously, intentionally or recklessly, breached that duty.

89.     As a direct and proximate result of the intentional infliction of emotional distress upon Plaintiff, she sustained severe emotional distress, along with the other damages set forth above.

WHEREFORE, RIGONI seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees.

## COUNT VIII
## PENDENT CLAIM
## ASSAULT AND BATTERY

90.     RIGONI incorporates the foregoing allegations as if fully restated.

91.     As more fully stated above, without justification, consent or probable cause to believe that RIGONI had committed a crime, MORTON intentionally arrested, handcuffed, and otherwise touched RIGONI against her will and without her consent.

19

92.     MORTON'S wrongful actions constitute illegal assault and battery, in violation of the common law of the State of Michigan.

93.     As a direct and proximate result of Defendant's assault and battery against her, RIGONI has suffered the damages set forth above.

WHEREFORE, RIGONI seeks a money judgment against MORTON for compensatory damages in excess of $75,000.00; exemplary damages in an amount in excess of $75,000.00, and if available, punitive damages in an amount in excess of $75,000.00, plus costs, pre and post judgment interest, and actual attorney fees.

## **RELIEF REQUESTED**

WHEREFORE, for the foregoing reasons, PLAINTIFF CORINNE MARY RIGONI, demands judgment against Defendant as follows:

A.     Compensatory non-economic and economic damages in whatever amount she is found to be entitled, including but not limited to all damages recoverable under the United States Constitution, 42 USC § 1983, and Michigan Law,

B.     Punitive damages in whatever amount she is found to be entitled;

C.     An award of interest, costs, and reasonable attorney fees; and

D.     Such other and further relief as appears reasonable and just under the circumstances.

Respectfully submitted,

Croson, Taub, & Michaels, PLLC

/s/ *Charlotte Croson*
Charlotte Croson (P56589)
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste 75
Ann Arbor MI, 48108
ccroson@ctmlawyers.com

Dated: June 22, 2023

## **DEMAND FOR TRIAL BY JURY**

Plaintiff, by and through counsel, hereby demands a trial by jury as to all those issues so triable as of right.

Respectfully submitted,

Croson, Taub, & Michaels, PLLC

/s/ *Charlotte Croson*
Charlotte Croson (P56589)
Attorneys for Plaintiff
455 E. Eisenhower Pkwy, Ste 75
Ann Arbor MI, 48108
ccroson@ctmlawyers.com

Dated: June 22, 2023